[No. 20965. Department Two. November 7, 1928.]

LORENE LONGMIRE, *Respondent*, v. KING COUNTY, *Appellant*.[1]

*Ewing D. Colvin, Harry A. Rhodes,* and *Allen Spratlin,* for appellant.

*Hovey & Anderson,* for respondent.

FRENCH, J.—The respondent, on the evening of September 18, 1926, in company with others, was riding in an automobile driven by a Mr. Watson. They were proceeding from Black Diamond towards Seattle over the Maple Valley road. The right of way of the Maple Valley road is sixty feet in width; twenty feet thereof is paved; the paving, however, being widened

[1]Reported in 271 Pac. 582.

to twenty-four feet at the curve where the accident occurred which gave rise to this cause of action. The parties had been traveling over a straight stretch of road, had crossed the bridge over Cedar River, thence down a five per cent grade to the curve where the accident occurred. From the bridge to the beginning of the curve, is about two hundred fifty feet. The curve itself is a fifty-four degree right curve, and passes under the tracks of the Chicago, Milwaukee and St. Paul Railroad. Some time previous to the accident, a logging truck had lost two logs from the load it was carrying, and these logs had, by the county authorities, been rolled to the side of the pavement on the left side of the curve as approached from the bridge across the river.

There is some testimony in the record indicating that a portion of one of the logs still remained upon the pavement, although most of the witnesses testified that the log was from two feet to five feet off the pavement. In attempting to make this curve, the car skidded and struck the log, causing the injuries for which respondent is now seeking recovery. The case was tried before the court with a jury, verdict rendered for King county, appellant, a new trial granted; and from the order granting a new trial, this appeal is prosecuted.

There are but two assignments of error; first, that the court erred in denying appellant's motion for a directed verdict, made at the close of the testimony in the case, and permitting the case to be submitted to the jury; and second, granting respondent's motion for a new trial.

The complaint alleged that the log was occupying a part of the traveled portion of the highway, and there is some testimony in the case indicating that the log was either actually on the pavement, or so

close thereto that a car while on the pavement might come in collision therewith. If the testimony had been undisputed that the log was on the graveled portion of the highway, three or four feet off the pavement, a different situation would be presented, as the graveled part of the highway abutting on the pavement is not there for the purpose of travel. It is to permit vehicles to pass, or park along side the pavement, when necessary. Laws of 1923, ch. 181, p. 604, § 7; Rem. 1927 Sup., § 6340. There being testimony that the log was either on the pavement, or so close thereto as to prove a menace to cars actually traveling on the pavement, the case was properly submitted to the jury.

The motion for a new trial was made on several grounds, and the order granting a new trial does not specify on what ground the new trial was granted. As a part of one instruction, the court told the jury that,

" . . . a driver at night should proceed in such manner and observe such caution and keep his car in such control as to enable him to come to a stop within the distance within which his headlights will disclose an object in his front."

This court has refused to adopt the rule of driving within the range of lights, and we think that the giving of this instruction was clearly erroneous and justified the court in granting a new trial. In any event, we have often held that the granting of a new trial on general grounds is so clearly within the discretion of the trial court that it is not to be interfered with, except where there has been a clear abuse of discretion.

Judgment affirmed.

FULLERTON, C. J., ASKREN, PARKER, and MAIN, JJ., concur.